**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 22-40693-CJP |
| SOLAR WOLF ENERGY, INC. | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

**ORDER ON MOTION FOR RELIEF FROM STAY**

The Motion for Relief from the Automatic Stay [Dkt. No. 36] (the "Motion") of Raymond Huntley (the "Movant") having come before the Court, due notice appearing to have been given, no objections having been filed, and good cause appearing for the relief requested, it is hereby ORDERED that:

1) The Movant is granted relief from the automatic stay provisions of 11 U.S.C. § 362 to allow the Movant to commence or continue litigation or arbitration solely for the purpose of establishing a claim against the Residential Contractor's Guaranty Fund (the "Fund") pursuant to the Commonwealth of Massachusetts' Homeowner Improvement Contractor Program, *see* Mass. Gen. Laws ch. 142A § 1, *et seq.*, and to pursue such claim against the Fund as more particularly described in the Motion and in accordance with applicable state law.

2) The Movant may file a proof of claim in this case, but may not pursue payment of any judgment or award against the Debtor's bankruptcy estate. Further, no findings, orders, judgments, arbitration awards, or other dispositions shall be binding or preclusive as against the Chapter 7 Trustee or the Debtor's estate, except as may be required to establish eligibility to pursue a recovery from the Fund, including subrogation of the fund administrator "to all the rights of the claimant up to the amount claimed," Mass. Gen. Laws. ch. 142A § 8, but for no

other purpose.

3) The Chapter 7 Trustee is not required to participate with respect to any pending litigation or in any arbitration brought to establish the amount of the Movant's claim in order for the Movant to seek payment from the Fund given the limitations set forth in this Order.

Entered this 28th day of November, 2022.

By the Court,

Christopher J. Panos
United States Bankruptcy Judge