# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| **In re:** <br><br> **SOLAR WOLF ENERGY, INC.,** <br><br> Debtor. | **Chapter 7** <br> **Case No. 22-40693-CJP** |

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2023, I caused a copy of the following document to be served upon each party noted on the attached Service List by First-Class United States mail, postage pre-paid, or as otherwise noted on the attached Service List:

Notice of Telephonic Nonevidentiary Hearing

(Re: Motion of Chapter 7 Trustee for Order (I) Approving Notice Procedures Regarding Requests of Creditors and Governmental Authorities for Records, Including Form of Notice, and (II) Authorizing Destruction of Certain Estate Records)

(Objection/Response Deadline – February 2, 2023 at 11:59 p.m.)
(Hearing – February 9, 2023 at 10:00 a.m.)

/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 898-1501
Fax: (508) 898-1502
Email: bankrupt@mirickoconnell.com

Dated: January 12, 2023

## SERVICE LIST

**Solar Wolf Energy, Inc. Debtor**
**Chapter 7, Case No. 22-40693-CJP**

| | | |
|---|---|---|
| Richard T. King, Esq.<br>Assistant U.S. Trustee<br>Office of U.S. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608<br>(U.S. Trustee)<br>**VIA ECF** | Internal Revenue Service<br>Special Process Unit<br>P.O. Box 9112<br>Stop 20800<br>Boston, MA 02203<br>(Taxing Authority) | Massachusetts Department of Revenue<br>Attn: Bankruptcy Unit<br>P.O. Box 7090<br>Boston, MA 02204<br>(Taxing Authority/Schedule D/Schedule E /POC) |
| Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346<br>(Taxing Authority/POC) | United States Attorney<br>John Joseph Moakley United States Courthouse<br>One Courthouse Way<br>Suite 9200<br>Boston, MA 02210<br>(U.S. Attorney) | Office of the Attorney General<br>Commonwealth of MA<br>18th Floor<br>One Ashburton Place<br>Boston, MA 02108<br>(Attorney General) |
| Solar Wolf Energy, Inc.<br>582 Wauwinet Road<br>Barre, MA 01005<br>(Debtor) | Troy D. Morrison, Esq.<br>Morrison & Associates, P.C.<br>255 Park Avenue, Suite 1000<br>Worcester, MA 01609<br>(Debtor's Counsel)<br>**VIA ECF** | Internal Revenue Service<br>PO Box 37004<br>Hartford, CT 06176<br>(Taxing Authority/Schedule E/Schedule F/POC) |
| Massachusetts Department of Revenue<br>PO Box 7021<br>Boston, MA 02204<br>(Taxing Authority) | U.S. Department of Labor<br>Frances Perkins Building<br>200 Constitution Ave., NW<br>Washington, DC 20210<br>(Interested Party) | Michael D. Felsen, Esq.<br>U.S. Department of Labor<br>15 Sudbury Street, Room E-375<br>JFK Federal Building<br>Boston, MA 02203<br>(Interested Party) |
| Pension Benefit Guaranty Corporation<br>Office of the Chief Counsel<br>1200 K Street, NW<br>Washington, DC 20005-4026<br>(Interested Party) | Steven J. Marullo, Esq.<br>Law Office of Steven J. Marullo<br>435 Newbury Street<br>Suite 217<br>Danvers, MA 01923<br>(Counsel to Jonathan Durante/NOA/POC)<br>**VIA ECF** | Richard A. Mestone, Esq.<br>Mestone & Associates LLC<br>435 Newbury Street<br>Suite 217<br>Danvers, MA 01923<br>(Counsel to Jonathan Durante) |

{Client Matter 15008/14399/A8155033.DOCX}

**SERVICE LIST**

**Solar Wolf Energy, Inc. Debtor
Chapter 7, Case No. 22-40693-CJP**

| | | |
|---|---|---|
| Robert E. McLaughlin, Jr., Esq.<br>Gilman, McLaughlin & Hanrahan LLP<br>101 Merrimac St.<br>P.O. Box 9601<br>Boston, MA 02114-9601<br>(Counsel to Cabot House (Former Landlord)) | Michael A. Procopio<br>24 Moran Cr.<br>Sudbury, MA 01776<br>(NOA/POC) | Michael J. Riley, Esq.<br>Mass. Laborers' Legal Services Fund<br>1400 District Avenue<br>Suite 100<br>Burlington, MA 01803<br>(Counsel to Wilder Tamayo/NOA)<br>**VIA ECF** |
| Daniel Bahls<br>Assistant Attorney General<br>Massachusetts Office of the Attorney General<br>Consumer Protection Division<br>1441 Main Street, Suite 1200<br>Springfield, MA 01103<br>(Interested Party) | Ted Strzelecki<br>582 Wauwinet Road<br>Barre, MA 01005<br>(President of Debtor) | Corporation Services Company<br>PO Box 2576<br>Springfield, IL 62708<br>(Schedule D) |
| CT Corporation Systems<br>PO Box 2576<br>Springfield, IL 62708<br>(Schedule D) | DLR, Inc.<br>PO Box 520382<br>Salt Lake City, UT 84152<br>(Schedule D) | Orange Advance, LLC<br>140 32nd Street #316<br>Brooklyn, NY 11232<br>(Schedule D) |
| U.S. Small Business Administration<br>2 North 20th Street<br>Birmingham, AL 35203<br>(Schedule D) | Christopher S. Tolley, Esq.<br>Phillips & Angley<br>One Washington Mall<br>Boston, MA 02108<br>(Counsel to Consolidated Electrical Distributors, Inc. d/b/a CED Greentech/NOA)<br>**VIA ECF** | Brian J. Hughes, Esq.<br>Brennan Recupero Cascione Scungio<br>174 Dean St.<br>Unit B<br>Taunton, MA 02780<br>(Counsel to Donald Wolent/Schedule F/POC/NOA)<br>**VIA ECF** |

{Client Matter 15008/14399/A8155033.DOCX}

**SERVICE LIST**

**Solar Wolf Energy, Inc. Debtor**
**Chapter 7, Case No. 22-40693-CJP**

| | | |
|---|---|---|
| Ian A. Hammel, Esq.<br>Mintz Levin<br>One Financial Center<br>Boston, MA 02111<br>(POC/Counsel to SunPower and its Affiliates) | Mark W. Powers, Esq.<br>Bowditch & Dewey, LLP<br>311 Main Street<br>PO Box 15156<br>Worcester, MA 01608<br>(Counsel to John and Kirstie Miersma/NOA)<br>**VIA ECF** | SolarEdge Technologies, Inc.<br>700 E. Tasman Drive<br>Milpitas, CA 95035<br>(Interested Party) |

{Client Matter 15008/14399/A8155033.DOCX}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:  Solar Wolf Energy, Inc., Debtor | Chapter: 7<br>Case No: 22-40693<br>Judge Christopher J. Panos |

## NOTICE OF TELEPHONIC NONEVIDENTIARY HEARING

**PLEASE TAKE NOTICE** that a **HEARING** will be held on **2/9/23 at 10:00 AM** before the Honorable Judge Christopher J. Panos, the hearing will be held TELEPHONICALLY to consider the following:

[173] Motion of the Chapter 7 Trustee, Joseph H. Baldiga, For Order (I) Approving Notice Procedures Regarding Requests of Creditors and Governmental Authorities for Records, Including Form of Notice, and (II) Authorizing Destruction of Certain Estate Records. TO PARTICIPATE, ATTENDEES SHALL DIAL (877) 873-8018 AND ENTER ACCESS CODE 1167883.

To facilitate informal discussions similar to those that occur just prior to in-person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing.

**OBJECTION/RESPONSE DEADLINE: FEBRUARY 2, 2023 11:59 PM**

If no deadline is set, the objection/response deadline shall be governed by the Federal Rules of Bankruptcy Procedure (FRBP) and the Massachusetts Local Bankruptcy Rules (MLBR). If no objection/response is timely filed, the Court, in its discretion, may cancel the hearing and rule on the motion without a hearing or further notice. See MLBR 9013-1(f).

**THE MOVING PARTY IS RESPONSIBLE FOR:**

1. Serving a copy of this notice upon all parties entitled to notice within two (2) business days; and
2. Filing a certificate of service with respect to this notice seven (7) days after the date of issuance set forth below. If the hearing date is fewer than seven (7) days from the date of issuance, the certificate of service must be filed no later than the time of the hearing. **If the movant fails to timely file a certificate of service, the court may deny the motion without a hearing.**

**NOTICE TO ALL PARTIES SERVED:**

1. <u>**Your rights may be affected.**</u> You should read this notice, the above referenced pleading and any related documents carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.
2. Any request for a continuance **MUST** be made by **WRITTEN MOTION** filed and served at least one (1) business day prior to the hearing date. See MLBR 5071-1.
3. The above hearing shall be <u>nonevidentiary</u>. If, in the course of the nonevidentiary hearing, the court determines the existence of a disputed and material issue of fact, the court will schedule an evidentiary hearing. <u>If this is a hearing under section 362</u>, it will be a consolidated preliminary and final nonevidentiary hearing unless at the conclusion thereof the court schedules an evidentiary hearing.

Date:1/12/23

By the Court,

Halina Magerowski
Deputy Clerk
508-770-8927