# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| **In re:** | |
| **SOLAR WOLF ENERGY, INC.,** | **Chapter 7** <br> **Case No. 22-40693-CJP** |
| **Debtor.** | |

## TRUSTEE'S LIMITED OBJECTION TO CLAIM NO. 105-1 OF U.S. SMALL BUSINESS ADMINISTRATION

To the Honorable Christopher J. Panos, United States Bankruptcy Court:

NOW COMES Joseph H. Baldiga, the duly appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Solar Wolf Energy, Inc. (the "Debtor"), and, pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, and MLBR 3007-1, hereby objects (the "Objection") to Claim No. 105-1[1] of the U.S. Small Business Administration (the "SBA"). The SBA has asserted a claim of $163,191.78 secured by all of the Debtor's tangible and intangible personal property (the "SBA Claim"). As discussed below, the Trustee seeks confirmation by this Court that the purported lien asserted by the SBA Claim does not extend to the Estate Funds (as defined below) that will be available for distribution by the Trustee.[2]

In support hereof, the Trustee states as follows:

### I.     FACTUAL BACKGROUND

**A.     Bankruptcy Case Background.**

1.     On September 23, 2022, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

---

[1]  The claim number used in this Objection corresponds with the claim number assigned in the claims register prepared to date by the Clerk's Office in this case (the "Claims Register").
[2]  The Trustee is not seeking re-classification of Claim No. 105-1 asserted by the SBA, but a determination by this Court that the purported lien asserted by the SBA Claim does not extend to the Estate Funds that will be available for distribution by the Trustee.

{Client Matter 15008/14399/A8415608.DOC}

2. On September 26, 2022, the United States Trustee appointed Joseph H. Baldiga Chapter 7 trustee of the Debtor's bankruptcy case, and he continues to serve as such.

**B.     The SBA's Claim.**

3. On September 24, 2022, this Court established December 2, 2022 as the last date by which all entities, other than governmental units, were permitted to file proofs of claim (the "General Bar Date"). In addition, the Court established the deadline for governmental units to file proofs of claim as March 22, 2023 (the "Government Bar Date").

4. On October 19, 2022, this Court entered a Notice to Added Creditors establishing December 28, 2022 as the last date by which added creditors were permitted to file proofs of clam (the "Added Creditor Bar Date"; together with the General Bar Date and Governmental Bar Date, the "Bar Dates").

5. At this time, the Bar Dates have expired.

6. The Trustee has reviewed Claim No. 105-1 filed by the SBA and has determined that Claim No. 105-1 is objectionable as set forth herein.

## II.     OBJECTION

7. The SBA filed a proof of claim which asserts a secured claim in the amount of $163,191.78, listed on the Claims Register as Claim No. 105-1 (i.e., the SBA Claim).

8. The basis for the claim is money loaned to the Debtor by the SBA and asserts that the claim is fully secured by tangible and intangible personal property of the Debtor.

9. The supporting documentation attached to Claim No. 105-1 includes a statement itemizing the calculation of the amount due and owing in the amount of $163,191.78, as well as copies of a note and security agreement executed by the Debtor to the SBA and a Form UCC-1 filed by SBA with the Commonwealth of Massachusetts – Office of the Secretary of State's office.

10. The Trustee objects to the allowance of Claim No. 105-1 on the limited basis that the SBA lien does not extend to the Estate Funds (defined below) available for distribution by the Trustee. The only funds held by the Estate and available for distribution are comprised of the following: (a) funds currently held by the Estate in the amount of $35,000.00 derived from the Trustee's settlement of certain avoidance claims against SunPower Corporation and approved by this Court on May 16, 2023 [Dkt. No. 333] (the "Avoidance Claim Settlement Funds"); and (b) the sum of $28,217.79 (net of auctioneer fees and expenses in the aggregate amount of $9,332.21) paid to the Estate resulting from the Trustee's public auction sale (the "Public Auction Sale") of the Estate's right, title and interest in seven (7) motor vehicles (the "Sale Assets") and approved by this Court on December 2, 2022 (the "Sale Order") [Dkt. No. 116] (the "Sale Proceeds"). The Avoidance Claim Settlement Funds and the Sale Proceeds are referred to together herein as the "Estate Funds".

11. Bankruptcy avoidance claims are not subject to the SBA's prepetition lien and therefore the SBA lien does not extend to the Avoidance Claim Settlement Funds. 11 U.S.C. §552. See, e.g., In re Cabral, 2012 WL 5387684 (Bankr. D. Mass. 2012); In re Lowenstein, 361 B.R. 326 (Bankr. D. Mass. 2007); In re Soares, 380 B.R. 109 (Bankr. D. Mass. 2007) (cases determining that pre-petition lien of the United States did not attach to settlement funds obtained in settlement of avoidance actions); In re Ball, 2004 WL 909441 (Bankr. W.D. Va. 2004) (holding that IRS's challenged lien did not attach to settlement proceeds paid from spendthrift trust controlled by debtor's family members).

12. With respect to the Sale Proceeds derived from the Sale Assets, the Trustee objects to Claim No. 105-1 on the basis that it is not a valid claim against the Debtor's Estate since the Trustee, and not the SBA, was in possession of the certificates of title with respect to the Sale Assets. As a result, the SBA had no lien on the Sale Assets.

13. In light of the above, the Trustee objects to the allowance of Claim No. 105-1 as a secured claim with respect to the Estate Funds.

14. To the extent that the SBA has a lien in property belonging to the Debtor, <u>other</u> than with respect to the Estate Funds, the SBA's lien shall remain in place and the SBA may look to its collateral to satisfy its claim.

### III. RESERVATION OF RIGHTS

15. The Trustee reserves the right to expand or modify the basis of this Objection and to file additional claim objections as he determines necessary.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

A. Determining that any lien comprising the secured claim filed by the U.S. Small Business Administration as Claim No. 105-1 does not extend to the Estate Funds that will be available for distribution by the Trustee; and

B. Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

  /s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA  01581
Phone: 508.898.1501
Fax:     508.898.1502
Email: bankrupt@mirickoconnell.com

Dated: August 18, 2023

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(CENTRAL DIVISION)**

| | |
|---|---|
| **In re:**<br><br>**SOLAR WOLF ENERGY, INC.,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 22-40693-CJP** |

**NOTICE OF LIMITED OBJECTION TO CLAIM NO. 105-1 OF**
**U.S. SMALL BUSINESS ADMINISTRATION**

PLEASE TAKE NOTICE that Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Solar Wolf Energy, Inc., has filed an objection to your claim (the "Claim Objection") in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated.  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to eliminate or change your claim, then on or before _____, 2023 at _____ a.m./p.m., you or your attorney must file with the United States Bankruptcy Court a written response to the Claim Objection, explaining your position, at:

> Clerk's Office
> United States Bankruptcy Court
> Donohue Federal Building
> 595 Main Street
> Worcester, Massachusetts 01608-2076.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

You must also send a copy of your response to the Trustee as follows:

> Joseph H. Baldiga, Esq.
> Mirick, O'Connell, DeMallie & Lougee, LLP
> 1800 West Park Dr., Suite 400
> Westborough, Massachusetts 01581.

If you file a response to the Claim Objection, you must also attend the hearing on the Claim Objection scheduled for _____, 2023 at _____ a.m./p.m. before the Honorable Christopher J. Panos, at the United States Bankruptcy Court located at Donohue Federal Building, Courtroom _____, 595 Main Street, Worcester, Massachusetts 01608.

      If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim.

                                      JOSEPH H. BALDIGA,
                                      CHAPTER 7 TRUSTEE

                                      By his counsel,

                                      _____
                                      Joseph H. Baldiga, BBO #549963
                                      Mirick, O'Connell, DeMallie & Lougee, LLP
                                      1800 West Park Drive, Suite 400
                                      Westborough, MA  01581
                                      Phone: 508.898.1501
                                      Fax:    508.898.1502

Dated: _____, 2023        Email: bankrupt@mirickoconnell.com

{Client Matter 15008/14399/A8415608.DOC}

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOLAR WOLF ENERGY, INC.,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 22-40693-CJP** |

## ORDER SUSTAINING TRUSTEE'S LIMITED OBJECTION TO CLAIM NO. 105-1 OF U.S. SMALL BUSINESS ADMINISTRATION

Upon the Limited Objection to Claim No. 105-1 of U.S. Small Business Administration (the "Objection") dated August 18, 2023 filed by Joseph H. Baldiga, Chapter 7 trustee (the "Trustee") of the bankruptcy estate of the above-referenced Debtor; notice having been sufficient, it is hereby ORDERED that:

Any lien represented by Claim No. 105-1, filed by U.S. Small Business Administration, does not apply to the Estate Funds (as defined in the Objection) that are available for distribution by the Trustee.

Dated: _____, 2023

_____
Honorable Christopher J. Panos
United States Bankruptcy Court

{Client Matter 15008/14399/A8415608.DOC}