UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:** <br><br> **SOLAR WOLF ENERGY, INC.,** <br><br> **Debtor.** | **Chapter 7** <br> **Case No. 22-40693-CJP** |

## REPORT AND HEARING AGENDA

(Re: Trustee's Limited Objection to Claim No. 1-1 of Massachusetts Department of Revenue (On Behalf of Attorney General of the Commonwealth of Massachusetts))

(Re: Trustee's Limited Objection to Claim No. 2-1 of
Massachusetts Department of Revenue)

(Re: Trustee's Limited Objection to Claim No. 40-1 of Department of Treasury –
Internal Revenue Service)

(Re: Trustee's Limited Objection to Claim No. 105-1 of
U.S. Small Business Administration)

(Hearing Scheduled for October 3, 2023 at 1:00 p.m.)

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

NOW COMES Joseph H. Baldiga, the duly appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Solar Wolf Energy, Inc. (the "Debtor"), and, by and through his undersigned counsel, hereby submits the within Report and Hearing Agenda (the "Agenda") in compliance with MLBR 3007-1(e).

1.  On August 18, 2023, the Trustee filed limited objections to Claim No. 1-1 of Massachusetts Department of Revenue (on Behalf of Attorney General of the Commonwealth of Massachusetts) (the "MA DOR/AG Objection" or "MA DOR/AG"), Claim No. 2-1 of Massachusetts Department of Revenue (the "MA DOR Objection" or "MA DOR"), Claim No. 40-1 of Department of Treasury – Internal Revenue Service (the "IRS Objection" or "IRS"), and Claim No. 105-1 of U.S. Small Business Administration (the "SBA Objection" or "SBA";

{Client Matter 15008/14399/A8468632.DOC}

collectively with the MA DOR/AG Objection, the MA DOR Objection, and the IRS Objection, the "Objections").[1] The MA DOR/AG and MA DOR are referred to together herein as the "Massachusetts Department of Revenue."

2. The deadline to file objections or other responses to the Objections expired on September 22, 2023 at 11:59 p.m. Hearings on the Objections are scheduled for October 3, 2023 at 1:00 p.m.

3. **Neither the MA DOR/AG, MA DOR, IRS nor SBA responded to the Objections informally or formally. The Trustee, therefore, requests that the Court enter Orders in the forms attached hereto sustaining the Trustee's Objections as described below.**

**Massachusetts Department of Revenue (on Behalf of Attorney General of the Commonwealth of Massachusetts (Claim No. 1-1):**

4. The MA DOR/AG asserted a secured claim in the amount of $76,262.13, listed on the Claims Register as Claim No. 1-1. In Claim No. 1-1, the MA DOR/AG asserts the claim on the basis of unpaid liabilities related to the Debtor's violation of certain wage and labor law provisions set forth in M.G.L. chs. 149 and 151. The MA DOR/AG asserts that: (a) pursuant to M.G.L. ch. 149, § 27(c)(7) such liabilities are considered to be a tax due and owing to the Commonwealth of Massachusetts and (b) pursuant to M.G.L. ch. 62C, § 50, the claim is fully secured by liens in all of the Debtor's property.

5. In the MA DOR/AG Objection, the Trustee objected, on a limited basis, to the allowance of Claim No. 1-1 as a secured claim with respect to the Estate Funds (as defined below) available for distribution by the Trustee. The only funds held by the Estate and available for distribution are comprised of the following: (a) funds currently held by the Estate in the

---

[1] Please note that the claim numbers used in this Agenda correspond with the claim numbers assigned in the claims register maintained by the Court (the "Claims Register").

amount of $35,000.00 derived from the Trustee's settlement of certain avoidance claims against SunPower Corporation and approved by this Court on May 16, 2023 *[Dkt. No. 333]* (the "Avoidance Claim Settlement Funds"); and the sum of $28,217.79 (net of auctioneer fees and expenses) paid to the Estate resulting from the Trustee's public auction sale (the "Public Auction Sale") of the Estate's right, title and interest in seven (7) motor vehicles (the "Sale Assets") and approved by this Court on December 2, 2022 (the "Sale Order") *[Dkt. No. 116]* (the "Sale Proceeds"). The Avoidance Claim Settlement Funds and the Sale Proceeds are referred to together herein as the "Estate Funds".

6. The Trustee further objected on the basis that the bankruptcy avoidance claims are not subject to the MA DOR/AG's prepetition lien and, therefore, the MA DOR/AG lien does not extend to the Avoidance Claim Settlement Funds. With respect to the Sale Proceeds, prior to the Public Auction Sale, the Trustee reached out to the Massachusetts Department of Revenue and the IRS regarding their respective purported liens on the Sale Assets and proposed Public Auction Sale. The Massachusetts Department of Revenue and IRS agreed to not oppose the proposed sale provided that (a) they each receive $2,500.00 of the proceeds generated from the Public Auction Sale in satisfaction of their respective liens on the Sale Assets and (b) their liens remain in place and unaltered vis-à-vis all other assets of the Debtor. As a result, the Massachusetts Department of Revenue and the IRS effectively consented to the Public Auction Sale free and clear pursuant to Bankruptcy Code § 363(f)(2).

7. Pursuant to the Sale Order, the Trustee paid each of the Massachusetts Department of Revenue and the IRS the amount of $2,500.00 from the proceeds generated from the Public Auction Sale in satisfaction of their respective lien on the Sale Assets. The Sale Order

further provides that the Massachusetts Department of Revenue's and the IRS's liens shall remain in place and unaltered with respect to all other assets of the Debtor.

8.  The MA DOR/AG did not respond formally or informally to the Trustee's objection to Claim No. 1-1 (i.e., the MA DOR/AG Objection). Therefore, as requested in the MA DOR/AG Objection, the Trustee requests that this Court determine that any lien comprising the secured claim filed by the Massachusetts Department of Revenue (on behalf of Attorney General of the Commonwealth of Massachusetts) as Claim No. 1-1 does not extend to the Estate Funds that will be available for distribution by the Trustee.

**Massachusetts Department of Revenue (Claim No. 2-1):**

9.  The MA DOR filed a proof of claim which asserts (a) a secured claim in the amount of $134,689.21 secured by all of the Debtor's property and rights to property, (b) an unsecured priority claim pursuant to 11 U.S.C. 507(a)(8) in the amount of $6,996.00, and (c) a general unsecured subordinated claim in the amount of $16,915.45, listed on the Claims Register as Claim No. 2-1. The basis for the claim is unpaid Massachusetts corporate excise, withholding and Paid Family and Medical Leave taxes, including interest and penalties calculated to the Petition Date. The MA DOR asserts that a portion of the claim is secured by liens in all of the Debtor's property.

10. In the MA DOR Objection, the Trustee objected, on a limited basis, to the allowance of Claim No. 2-1 as a secured claim with respect to the Estate Funds available for distribution by the Trustee. The Trustee further objected on the basis that the bankruptcy avoidance claims are not subject to the MA DOR's prepetition lien and, therefore, the MA DOR lien does not extend to the Avoidance Claim Settlement Funds. With respect to the Sale Proceeds, and as discussed above, prior to the Public Auction Sale, the Trustee reached out to the

Massachusetts Department of Revenue and the IRS regarding their respective purported liens on the Sale Assets and proposed Public Auction Sale. The Massachusetts Department of Revenue and IRS agreed to not oppose the proposed sale provided that (a) they each receive $2,500.00 of the proceeds generated from the Public Auction Sale in satisfaction of their respective liens on the Sale Assets and (b) their liens remain in place and unaltered vis-à-vis all other assets of the Debtor. As a result, the Massachusetts Department of Revenue and the IRS effectively consented to the Public Auction Sale free and clear pursuant to Bankruptcy Code § 363(f)(2).

11. Pursuant to the Sale Order, the Trustee paid each of the Massachusetts Department of Revenue and the IRS the amount of $2,500.00 from the proceeds generated from the Public Auction Sale in satisfaction of their respective lien on the Sale Assets. The Sale Order further provides that the Massachusetts Department of Revenue's and the IRS's liens shall remain in place and unaltered with respect to all other assets of the Debtor.

12. The MA DOR did not respond formally or informally to the Trustee's objection to Claim No. 2-1 (i.e., the MA DOR Objection). Therefore, as requested in the MA DOR Objection, the Trustee requests that this Court determine that any lien comprising the secured claim filed by the Massachusetts Department of Revenue as Claim No. 2-1 does not extend to the Estate Funds that will be available for distribution by the Trustee.

**Department of Treasury – Internal Revenue Service (Claim No. 40-1):**

13. The IRS filed a proof of claim which asserts a proof of claim in the total amount of $1,614,099.19 as follows: (a) a secured claim in the amount of $913,848.29 secured by all of the Debtor's right, title and interest to property pursuant to 26 U.S.C. § 6321, (b) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $388,653.71, and (c) an unsecured, non-priority claim in the amount of $311,597.19, listed on the Claims Register as

Claim No. 40-1. The basis for Claim No. 40-1 is unpaid liabilities due the IRS from the Debtor and that a <u>portion</u> of Claim No. 40-1 is secured by all of the Debtor's right, title and interest to property pursuant to 26 U.S.C. § 6321.

14. In the IRS Objection, the Trustee objected, on a limited basis, to the allowance of Claim No. 40-1 as a secured claim with respect to the Estate Funds available for distribution by the Trustee. The Trustee further objected on the basis that the bankruptcy avoidance claims are not subject to the IRS's prepetition lien and, therefore, the IRS lien does not extend to the Avoidance Claim Settlement Funds. With respect to the Sale Proceeds, and as discussed above, prior to the Public Auction Sale, the Trustee reached out to the Massachusetts Department of Revenue and the IRS regarding their respective purported liens on the Sale Assets and proposed Public Auction Sale. The Massachusetts Department of Revenue and IRS agreed to not oppose the proposed sale provided that (a) they each receive $2,500.00 of the proceeds generated from the Public Auction Sale in satisfaction of their respective liens on the Sale Assets and (b) their liens remain in place and unaltered vis-à-vis all other assets of the Debtor. As a result, the Massachusetts Department of Revenue and the IRS effectively consented to the Public Auction Sale free and clear pursuant to Bankruptcy Code § 363(f)(2).

15. Pursuant to the Sale Order, the Trustee paid each of the Massachusetts Department of Revenue and the IRS the amount of $2,500.00 from the proceeds generated from the Public Auction Sale in satisfaction of their respective lien on the Sale Assets. The Sale Order further provides that the Massachusetts Department of Revenue's and the IRS's liens shall remain in place and unaltered with respect to all other assets of the Debtor.

16. The IRS did not respond formally or informally to the Trustee's objection to Claim No. 40-1 (i.e., the IRS Objection). Therefore, as requested in the IRS Objection, the

Trustee requests that this Court determine that any lien comprising the secured claim filed by the Internal Revenue Service as Claim No. 40-1 does not extend to the Estate Funds that will be available for distribution by the Trustee.

### U.S. Small Business Administration (Claim No. 105-1):

17. The SBA filed a proof of claim which asserts a secured claim in the amount of $163,191.78, listed on the Claims Register as Claim No. 105-1. The basis for Claim No. 105-1 is money loaned to the Debtor by the SBA and asserts that the claim is fully secured by tangible and intangible personal property of the Debtor.

18. In the SBA Objection, the Trustee objected, on a limited basis, to the allowance of Claim No. 105-1 as a secured claim with respect to the Estate Funds available for distribution by the Trustee. The Trustee further objected on the basis that the bankruptcy avoidance claims are not subject to the SBA's prepetition lien and, therefore, the SBA lien does not extend to the Avoidance Claim Settlement Funds. With respect to the Sale Proceeds derived from the Sale Assets, the Trustee objected to Claim No 105-1 on the basis that it is not a valid claim against the Debtor's Estate since the Trustee, and not the SBA, was in possession of the certificates of title with respect to the Sale Assets. As a result, the SBA had no lien on the Sale Assets.

19. The SBA did not respond formally or informally to the Trustee's objection to Claim No. 105-1 (i.e., the SBA Objection). Therefore, as requested in the SBA Objection, the Trustee requests that this Court determine that any lien comprising the secured claim filed by the U.S. Small Business Administration as Claim No. 105-1 does not extend to the Estate Funds that will be available for distribution by the Trustee.

WHEREFORE, the Trustee respectfully requests that this Court enter Orders in the forms attached hereto:

    A.    Sustaining the Trustee's Objections as set forth above; and

    B.    Granting the Trustee such other and further relief as is just.

Respectfully submitted,

JOSEPH H. BALDIGA,
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:    508.898.1502
Email: bankrupt@mirickoconnell.com

Dated: September 28, 2023

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| In re: | |
|---|---|
| **SOLAR WOLF ENERGY, INC.,** | **Chapter 7** <br> **Case No. 22-40693-CJP** |
| Debtor. | |

## ORDER SUSTAINING TRUSTEE'S LIMITED OBJECTION TO CLAIM

Upon the Trustee's Limited Objection to Claim No. 1-1 of Massachusetts Department of Revenue (on Behalf of Attorney General of the Commonwealth of Massachusetts) dated August 18, 2023 (the "Objection") and filed by Joseph H. Baldiga, Chapter 7 trustee (the "Trustee"); notice having been sufficient, no objections having been filed, or any such objections having been overruled or withdrawn as appropriate, it is hereby ORDERED that the claim to which the Trustee objected shall be treated as follows:

Any lien represented by Claim No. 1-1, filed by Massachusetts Department of Revenue (on behalf of the Attorney General of the Commonwealth of Massachusetts), does not apply to the Estate Funds (as defined in the Objection) that are available for distribution by the Trustee.

Dated:_____, 2023

_____
Honorable Christopher J. Panos
United States Bankruptcy Judge

{Client Matter 15008/14399/A8468632.DOC}

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOLAR WOLF ENERGY, INC.,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 22-40693-CJP** |

## ORDER SUSTAINING TRUSTEE'S LIMITED OBJECTION TO CLAIM

Upon the Trustee's Limited Objection to Claim No. 2-1 of Massachusetts Department of Revenue dated August 18, 2023 (the "Objection") and filed by Joseph H. Baldiga, Chapter 7 trustee (the "Trustee"); notice having been sufficient, no objections having been filed, or any such objections having been overruled or withdrawn as appropriate, it is hereby ORDERED that the claim to which the Trustee objected shall be treated as follows:

Any lien represented by Claim No. 2-1, filed by Massachusetts Department of Revenue, does not apply to the Estate Funds (as defined in the Objection) that are available for distribution by the Trustee.

Dated:_____, 2023

_____
Honorable Christopher J. Panos
United States Bankruptcy Judge

{Client Matter 15008/14399/A8468632.DOC}

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOLAR WOLF ENERGY, INC.,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 22-40693-CJP** |

## ORDER SUSTAINING TRUSTEE'S LIMITED OBJECTION TO CLAIM

Upon the Trustee's Limited Objection to Claim No. 40-1 of Department of Treasury – Internal Revenue Service dated August 18, 2023 (the "Objection") and filed by Joseph H. Baldiga, Chapter 7 trustee (the "Trustee"); notice having been sufficient, no objections having been filed, or any such objections having been overruled or withdrawn as appropriate, it is hereby ORDERED that the claim to which the Trustee objected shall be treated as follows:

Any lien represented by Claim No. 40-1, filed by the Department of Treasury – Internal Revenue Service, does not apply to the Estate Funds (as defined in the Objection) that are available for distribution by the Trustee.

Dated:_____, 2023

_____
Honorable Christopher J. Panos
United States Bankruptcy Judge

{Client Matter 15008/14399/A8468632.DOC}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**SOLAR WOLF ENERGY, INC.,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 22-40693-CJP** |

### ORDER SUSTAINING TRUSTEE'S LIMITED OBJECTION TO CLAIM

Upon the Trustee's Limited Objection to Claim No. 105-1 of U.S. Small Business Administration dated August 18, 2023 (the "Objection") and filed by Joseph H. Baldiga, Chapter 7 trustee (the "Trustee"); notice having been sufficient, no objections having been filed, or any such objections having been overruled or withdrawn as appropriate, it is hereby ORDERED that the claim to which the Trustee objected shall be treated as follows:

Any lien represented by Claim No. 105-1, filed by U.S. Small Business Administration, does not apply to the Estate Funds (as defined in the Objection) that are available for distribution by the Trustee.

Dated:_____, 2023      _____
Honorable Christopher J. Panos
United States Bankruptcy Judge

{Client Matter 15008/14399/A8468632.DOC}

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)**

| | |
|---|---|
| **In re:**<br><br>**SOLAR WOLF ENERGY, INC.,**<br><br>Debtor. | Chapter 7<br>Case No. 22-40693-CJP |

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 28, 2023, I caused a copy of the following document to be served upon each party noted on the attached Service List by First-Class United States mail, postage pre-paid, or as otherwise noted on the attached Service List:

**Report and Hearing Agenda, with proposed Orders.**

Dated: September 28, 2023

                                                  /s/ Joseph H. Baldiga
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax:   508.898.1502
Email: bankrupt@mirickoconnell.com

{Client Matter 15008/14399/A8469658.DOC}

**SERVICE LIST**

**Solar Wolf Energy, Inc., Debtor**
**Chapter 7, Case No. 22-40693-CJP**

| | | |
|---|---|---|
| Richard T. King, Esq.<br>Assistant U.S. Trustee<br>Office of U.S. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608<br>(U.S. Trustee)<br>**VIA ECF & EMAIL 9/28/23** | Massachusetts Department of Revenue<br>Attn: Bankruptcy Unit<br>P.O. Box 7090<br>Boston, MA 02204<br>(Taxing Authority/Schedule D/Schedule E /POC) | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346<br>(Taxing Authority/POC) |
| Maureen Svetkovich<br>Internal Revenue Service<br>Bankruptcy Specialist<br>1000 Liberty Avenue<br>M/S 711B<br>Pittsburg, PA 15222<br>(Taxing Authority) | Ted Strzelecki, President<br>Solar Wolf Energy, Inc.<br>582 Wauwinet Road<br>Barre, MA 01005<br>(Debtor) | Troy D. Morrison, Esq.<br>Morrison & Associates, P.C.<br>255 Park Avenue, Suite 1000<br>Worcester, MA 01609<br>(Debtor's Counsel)<br>**VIA ECF 9/28/23** |
| Steven J. Marullo, Esq.<br>Law Office of Steven J. Marullo<br>435 Newbury Street<br>Suite 217<br>Danvers, MA 01923<br>(Counsel to Jonathan Durante/NOA/POC)<br>**VIA ECF 9/28/23** | Richard A. Mestone, Esq.<br>Mestone & Associates LLC<br>435 Newbury Street<br>Suite 217<br>Danvers, MA 01923<br>(Counsel to Jonathan Durante)<br>**VIA ECF 9/28/23** | Michael J. Riley, Esq.<br>Mass. Laborers' Legal Services Fund<br>1400 District Avenue<br>Suite 100<br>Burlington, MA 01803<br>(Counsel to Wilder Tamayo/NOA)<br>**VIA ECF 9/28/23** |
| Matthew Rubner, Esq.<br>47 Newhall Avenue<br>Saugus, MA 01906<br>(Counsel to Richard J. Montague)<br>**VIA ECF 9/28/23** | Jacob P. Morris, Esq.<br>Rubin, Rubin & Wilcox<br>333 Park Avenue<br>Worcester, MA 01610<br>(Counsel to Judith A. Kozak)<br>**VIA ECF 9/28/23** | Amy Lee Lipman-White, Esq.<br>Suite 201<br>171 Rockland Street<br>Hanover, MA 02339<br>(Counsel to Edward J. Versiackas/Schedule F/POC/NOA)<br>**VIA ECF 9/28/23** |

{Client Matter 15008/14399/A8469658.DOC}

**SERVICE LIST**

**Solar Wolf Energy, Inc., Debtor**
**Chapter 7, Case No. 22-40693-CJP**

| | | |
|---|---|---|
| U.S. Small Business Administration<br>2 North 20th Street<br>Birmingham, AL 35203<br>(Schedule D) | U.S. Small Business Administration<br>200 West Santa Ana Blvd.<br>Suite 740<br>Santa Ana, CA 92701<br>(POC) | Christine E. Devine, Esq.<br>Law Office of Christine E. Devine, LLC<br>P. O. Box 7<br>Medway, MA 02053<br>(Counsel to Andrew Cefalu/Schedule F/POC)<br>**VIA ECF 9/28/23** |
| Jennifer L. Conrad, Esq.<br>Seder & Chandler, LLP<br>339 Main Street<br>Worcester, MA 01608<br>(Counsel to Christopher Paquette/Schedule F/POC/NOA)<br>**VIA ECF 9/28/23** | Christopher S. Tolley, Esq.<br>Phillips & Angley<br>One Washington Mall<br>Boston, MA 02108<br>(Counsel to Consolidated Electrical Distributors, Inc. d/b/a CED Greentech/NOA)<br>**VIA ECF 9/28/28** | Brian J. Hughes, Esq.<br>Brennan Recupero Cascione Scungio<br>174 Dean St.<br>Unit B<br>Taunton, MA 02780<br>(Counsel to Donald Wolent/Schedule F/POC/NOA)<br>**VIA ECF 9/28/23** |
| Peter J. Haley, Esq.<br>Nelson Mullins Riley & Scarborough LLP<br>One Post Office Square<br>30th Floor<br>Boston, MA 02109<br>(Counsel for GoodLeap, LLC/Schedule F Creditor)<br>**VIA ECF 9/28/23** | Mark W. Powers, Esq.<br>Bowditch & Dewey, LLP<br>311 Main Street<br>PO Box 15156<br>Worcester, MA 01608<br>(Counsel to John and Kirstie Miersma/NOA)<br>**VIA ECF 9/28/23** | |

3

{Client Matter 15008/14399/A8469658.DOC}